UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS LOPEZ,

    Plaintiff,

v.

THE LAW OFFICES OF MITCHELL D.
BLUHM & ASSOCIATES, LLC,

    Defendant.

Case No. 2:10-cv-_____

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW LUIS LOPEZ ("Plaintiff"), by and through undersigned counsel, and files this Complaint against THE LAW OFFICES OF MITCHELL D. BLUHM & ASSOCIATES, LLC ("Defendant") and alleges:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act ("FCCPA"), Section 559.55 *et seq.* of the Florida Statutes, in its illegal efforts to collect a consumer debt from Plaintiff and invasion of Plaintiff's privacy through the public disclosure of private facts about Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is a natural person who resides in Lee County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Section 559.55(2), Fla. Stat.

5. Defendant is Texas limited liability company operating from an address of 2222 Texoma Pkwy., Suite 160, Sherman, TX 75090, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Section 559.55(6).

## FACTUAL ALLEGATIONS

6. On or around December 15, 2006, Plaintiff allegedly incurred a financial obligation to Lehigh Regional Medical Center that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat., namely, a debt to pay for medical services, account number ending in 3062, in the approximate amount of $491.83.

7. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant and/or others for collection from the Plaintiff.

8. Defendant began placing collection calls to Plaintiff to which Plaintiff advised he could not pay.

9. Despite having Plaintiff's location information, Defendant communicated with third parties in the attempted collection of the debt.

10. Upon information and belief, Defendant's motive in communicating with the third parties was to coerce payment from Plaintiff.

11. On or about October and November, 2010, Defendant contacted Plaintiff's ex-wife and son by telephone.

12. Plaintiff had not spoke with his ex-wife for approximately 17 years and found out from his son that she had been contacted and advised Defendant was attempting to collect a debt from Plaintiff.

13. Plaintiff's son advised Defendant advised him they were attempting to collect a debt from Plaintiff.

14. Plaintiff was extremely embarrassed and mortified when he discovered his ex-wife was informed of his debt problems.

### *Summary*

15. All of the above-described collection actions and communications made to Plaintiff by Defendant and other collection employees employed by Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(5), 1692e(10), and 1692f, amongst others, and the FCCPA, including but not limited to Section 559.72(5), (7), and (9) and invaded Plaintiff's privacy.

16. During their collection communications, the debt collectors employed by Defendant repeatedly failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others.

17. The above-detailed conduct by Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and FCCPA, including but not limited to all of the above mentioned provisions of the FDCPA and FCCPA.

18. This series of attempted collection acts by Defendant and its employees pushed Plaintiff to consider bankruptcy as a way out of this debt.

19. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

20. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

### *Respondeat Superior Liability*

21. The acts and omissions of the debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

22. The acts and omissions by the debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

23. By committing these acts and omissions against Plaintiff, the debt collectors were motivated to benefit their principal, Defendant.

24. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and the FCCPA in their attempts to collect this debt from Plaintiff.

### TRIAL BY JURY

25. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7; FED. R. CIV. P. 38.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

26. Plaintiff incorporates by reference 1 – 25 of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

28. Specifically, Defendant failed to provide the requisite notices required by the FDCPA, communicated with third parties in violation of the FDCPA, and violated Florida law as more specifically described in Count II in violation of the FDCPA.

29. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) for Plaintiff;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) for Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) for Plaintiff; and
- for such other relief as this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Section 559.55 *et seq.*, Fla. Stat.

30. Plaintiff incorporates by reference 1 – 25 of the paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FCCPA including, but not limited to, violation of Section 559.72(5), (7), and (9), with respect to Plaintiff.

32. Specifically, Defendant communicated with the Plaintiff's ex-spouse with reason to know she did not have a legitimate business need for the information; willfully engaged in conduct that can reasonably be expected to abuse the Plaintiff by contacting his ex-wife and son; and asserting that it had the right to communicate with Plaintiff's ex-wife and son when it knew that communication was strictly prohibited by the FDCPA.

33. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

34. Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity. Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages pursuant to Section 559.77 for Plaintiff;
- for an award of statutory damages of $1,000.00 pursuant to Section 559.77 for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 for Plaintiff;

- for an injunction to enjoin further collection and transfer of the alleged debt and requiring that the debt be removed from Plaintiff's credit report; and

- for such other relief as this Court deems just and proper.

Dated: 4/28/11

*Respectfully submitted,*

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
(239) 939-0900
(239) 939-0588 – Fax
www.DellutriLawGroup.com
***Attorneys for Plaintiff***

By: s/
David W. Fineman, Esq.
Fla. Bar No. 0040993
dfineman@DellutriLawGroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA      )
                      ) ss
COUNTY OF LEE         )

Plaintiff, LUIS LOPEZ, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
LUIS LOPEZ

Subscribed and sworn to before me this 28TH day of April, 2011 by LUIS LOPEZ who:

☑ is personally known; or

☑ produced identification _____.

STACEY C. LAWHON
MY COMMISSION # DD880966
EXPIRES April 15, 2013
(407) 398-0153    FloridaNotaryService.com

_____
Notary Public

(SEAL)